94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant, Cross-Appellee,
v.
LEWIS COUNTY, WA; Bill Brooks, County Assessor, Lewis
County, Washington; Donna Karvia, Clerk, Lewis County
Superior Court; Joe Cooke, Treasurer, Lewis County,
Washington; Kevin E. Murphy and Bernice Murphy,
Defendants-Appellees, Cross-Appellants.
 No. 95-35332, 95-35415.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1996.*
Decided Aug. 16, 1996.
 
 Before: WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court held that it lacked subject matter jurisdiction over both the United States' complaint and its motion for partial summary judgment. On appeal, the United States argues that the Tax Injunction Act does not deprive the court of jurisdiction over its constitutional challenge to Washington State's taxation of federal land.[1] We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.
 
 
 3
 We review de novo whether the district court had subject matter jurisdiction. Hoeck v. City of Portland, 57 F.3d 781, 784 (9th Cir.1995), cert. denied, 116 S.Ct. 910 (1996).
 
 
 4
 The United States brought suit in federal court challenging the constitutionality of Washington State's property tax scheme as enforced by Lewis County against property owned by the Farmers Home Administration in Lewis County. It argued that the district court had jurisdiction under 28 U.S.C. §§ 1331 and 1345.
 
 
 5
 The district court acknowledged the general rule that the United States may sue on behalf of itself and its instrumentalities in federal court to protect itself from unconstitutional state exactions. But the court concluded that where Congress has authorized taxation of a federal instrumentality, as it has here, the Tax Injunction Act specifically provides a state rather than federal forum for tax litigation if the state provides a plain, speedy and efficient remedy. 28 U.S.C. § 1341. The court held that such a remedy was available in Washington courts and dismissed for lack of subject matter jurisdiction.
 
 
 6
 The Supreme Court has held that the Act does not require the United States and its instrumentalities to exhaust state remedies before proceeding on tax matters in federal court. Department of Employment v. United States, 385 U.S. 355, 357-58 (1966). The Court said: "[W]e conclude, in accord with an unbroken line of authority and convincing evidence of legislative purpose, that § 1341 does not act as a restriction upon suits by the United States to protect itself and its instrumentalities from unconstitutional state exactions." Id. at 358 & nn. 6-7.
 
 
 7
 Following Department of Employment, the Eleventh Circuit rejected the argument that, where the United States has consented by statute to state taxation, the Act deprives federal district courts of subject matter jurisdiction over suits by the United States. United States v. Broward County, Fla., 901 F.2d 1005, 1008 (11th Cir.1990). The court concluded that the Act prohibits private litigants from litigating challenges to state taxation in federal court, but does not prohibit the United States from doing so. Id. It said: "Waiver of rights of the United States and exceptions to the doctrine of sovereign immunity can not be implied but must be based on some express Congressional enactment." Id. (citing Hancock v. Train, 426 U.S. 167, 179 (1976)). It held that the United States' consent to state taxation did not expressly waive its right to challenge that taxation in federal court. Id.
 
 
 8
 We agree with the Eleventh Circuit and conclude that the district court erred in finding that it lacked subject matter jurisdiction. We therefore REVERSE and REMAND for consideration of the substantive issues.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The cross-appeal was dismissed on appellants' motion for voluntary dismissal